**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5231**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARREN ARNESS STATON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, District Judge. (4:05-cr-00096-D)

Submitted: June 20, 2007          Decided: July 12, 2007

Before WILLIAMS, Chief Judge, and MICHAEL and GREGORY, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

James R. Saunders, HARRINGTON, SAUNDERS & JONES, P.A., Greenville, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darren Arness Staton appeals his conviction and 200-month sentence imposed after he pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2000). Staton timely appealed. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether the sentence imposed by the district court was greater than necessary to achieve the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). Staton was advised of his right to file a pro se supplement brief, but he did not file one. The government has moved to dismiss the appeal, asserting that Staton validly waived the right to appeal his sentence in the plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

- 2 -

Our review of the record leads us to conclude that Staton knowingly and voluntarily waived the right to appeal his sentence. Moreover, the sentencing issue raised on appeal falls within the scope of the waiver. We therefore grant, in part, the government's motion to dismiss and we dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not prevent our review of any errors in Staton's conviction that may be revealed by our review pursuant to <u>Anders</u>. Thus, we deny in part the government's motion to dismiss. Our review of the transcript of the plea colloquy leads us to conclude that the district court complied with the mandates of Rule 11 in accepting Staton's guilty plea.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Staton's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED IN PART AND</u>
<u>DISMISSED IN PART</u>